# UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re: § §
§
LARRY ALMON § Case No. 07-07845
§
Debtor §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 04/30/2007 . The undersigned trustee was appointed on 04/30/2007 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---:|---:|
| 4. The trustee realized gross receipts of | $ | 131,859.96 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 0.00 |
| Bank service fees | | 214.92 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 65,771.38 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 65,873.66 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 12/28/2011 and the deadline for filing governmental claims was 12/28/2011 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 6,554.43 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 6,554.43 , for a total compensation of $ 6,554.43 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/16/2018              By:/s/Frances Gecker, Trustee
                                            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| Case No: | 07-07845 | JPC | Judge: | Jacqueline P. Cox | Trustee Name: | Frances Gecker, Trustee |
|---|---|---|---|---|---|---|
| Case Name: | LARRY ALMON | | | | Date Filed (f) or Converted (c): | 04/30/2007 (f) |
| | | | | | 341(a) Meeting Date: | 07/12/2007 |
| For Period Ending: | 07/16/2018 | | | | Claims Bar Date: | 12/28/2011 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. LOCATION: 323 48 TH AVE., BELLWOOD IL  Automatic Stay lifed as of 3/18/08 - Bank took property and sold at Sheriff's sale. | 250,000.00 | 55,000.00 | | 0.00 | FA |
| 2. CASH | 500.00 | 0.00 | | 0.00 | FA |
| 3. HOUSEHOLD GOODS  2 TVs, DVD, Stereo, Computer, 2 Sofas, 4 Chairs, 4 Lamps, 2 Beds, 2 Dressers, Stove, Refrigerator, Washer, Dryer, 2 Bikes, Miscellaneous Household Goods. | 1,000.00 | 0.00 | | 0.00 | FA |
| 4. BOOKS/COLLECTIBLES  Miscellaneous Books & Pictures | 150.00 | 0.00 | | 0.00 | FA |
| 5. WEARING APPAREL | 800.00 | 0.00 | | 0.00 | FA |
| 6. FURS AND JEWELRY | 100.00 | 0.00 | | 0.00 | FA |
| 7. AIRCRAFT [SIC]  2004 Toyota Solara - Vehicle | 13,900.00 | 13,900.00 | | 0.00 | FA |
| 8. Void (u)  2004 Toyota Solara - Vehicle | 0.00 | N/A | | 0.00 | FA |
| 9. OTHER LITIGATION                (u)  Back Pay Award - Debtor brought wrongful termination lawsuit against his employer, USPS.  Larry D. Almon v. Johnn E. Potter, Postmaster General; OFO Docket No. 0120070505; Agency Case No. 4J-600-0159-05 | 0.00 | 120,000.00 | | 131,859.96 | FA |
| 10. Void (u) | 0.00 | N/A | | 0.00 | FA |
| INT. Void (u) | 0.00 | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $266,450.00 | $188,900.00 | | $131,859.96 | $0.00 |

(Total Dollar Amount in Column 6)

Exhibit A

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

6/28/18 - Submitted TFR for review.

6/5/18 - Hearing scheduled for Trustee's objection to claims.

5/3/18 - Hearing on Trustee's motion to abandon interest in postpetition back pay award of Asset No. 9.

4/5/18 - The Trustee has recovered funds from litigation with the U.S. Postal Service and is currently reviewing claims and preparing tax returns.

3/8/18 - Court approved Debtor's discrimination lawsuit settlement with the Post Office.

Initial Projected Date of Final Report (TFR): 12/15/2011        Current Projected Date of Final Report (TFR): 07/30/2018

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 07-07845 | Trustee Name: Frances Gecker, Trustee |
| Case Name: LARRY ALMON | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX2242 |
| | Checking |
| Taxpayer ID No: XX-XXX4801 | Blanket Bond (per case limit): $5,000,000.00 |
| For Period Ending: 07/16/2018 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/28/18 | 9 | UNITED STATES POSTAL SERVICE<br>CITIBANK, NA<br>ONE PENNE'S WAY<br>NEW CASTLE, DE 19720 | SETTLEMENT - ORDER DATED 3/8/18 | 1249-000 | $93,613.77 | | $93,613.77 |
| 03/28/18 | 9 | UNITED STATES POST OFFICE<br>CITIBANK, NA<br>ONE PENNE'S WAY<br>NEW CASTLE, DE 19720 | SETTLEMENT - ORDER DATED 3/8/18 | 1249-000 | $38,246.19 | | $131,859.96 |
| 04/06/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $25.29 | $131,834.67 |
| 05/04/18 | 5001 | ALMON, LARRY<br>7012 W. 114th St.<br>Worth, IL  60482 | Order dated 5/3/18 | 8100-002 | | $65,771.38 | $66,063.29 |
| 05/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $189.63 | $65,873.66 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $131,859.96 | $65,986.30 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $131,859.96 | $65,986.30 |
| Less: Payments to Debtors | $0.00 | $65,771.38 |
| Net | $131,859.96 | $214.92 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*                    Page Subtotals:              $131,859.96    $65,986.30

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 07-07845 | Trustee Name: | Frances Gecker, Trustee |
| Case Name: LARRY ALMON | Bank Name: | Congressional Bank |
| | Account Number/CD#: | XXXXXX7029 |
| | | GENERAL CHECKING |
| Taxpayer ID No: XX-XXX4801 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: 07/16/2018 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| | | No Transactions | | | | | $0.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $0.00 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $0.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*            Page Subtotals:            $0.00        $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX2242 - Checking | $131,859.96 | $214.92 | $65,873.66 |
| XXXXXX7029 - GENERAL CHECKING | $0.00 | $0.00 | $0.00 |
|  | $131,859.96 | $214.92 | $65,873.66 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $131,859.96 |
| Total Gross Receipts: | $131,859.96 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:07-07845-JPC  
Debtor Name: LARRY ALMON  
Claims Bar Date: 12/28/2011  
Date: July 16, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 3410 | ALAN D. LASKO & ASSOCIATES P. C. 205 W. Randolph Street Suite 1150 Chicago, Illinois 60606 | Administrative | First and Final Fee Application | $0.00 | $4,123.70 | $4,123.70 |
| 100 3420 | ALAN D. LASKO & ASSOCIATES P. C. 205 W. Randolph Street Suite 1150 Chicago, Illinois 60606 | Administrative | First and Final Fee Application | $0.00 | $24.30 | $24.30 |
| 99 8100 | LARRY ALMON 7012 W. 114th St. Worth, IL  60482 | Administrative | Order dated 5/3/18 - Prorated Portion of Debtor's U.S. Postal Service back pay allocated to Debtor's post-petition services. | $0.00 | $65,771.38 | $65,771.38 |
| 100 2100 | Frances Gecker FRANKGECKER LLP 325 N. LaSalle Street, Suite 625 Chicago, IL  60654 | Administrative |  | $0.00 | $6,554.43 | $6,554.43 |
| 100 3110 | FRANKGECKER LLP 325 N. LaSalle Street Suite 625 Chicago, IL 60654 | Administrative | FIRST AND FINAL FEE APPLICATION | $0.00 | $33,297.50 | $33,297.50 |
| 100 3120 | FRANKGECKER LLP 325 N. LaSalle Street Suite 625 Chicago, IL 60654 | Administrative | FIRST AND FINAL FEE APPLICATION - EXPENSES | $0.00 | $134.41 | $134.41 |
| 8 280 5800 | ILLINOIS DEPARTMENT OF REVENUE BANKRUPTCY SECTION PO BOX 64338 CHICAGO, IL 60664-0338 | Priority | DISALLOWED - DKT. #136 | $0.00 | $445.80 | $0.00 |
| 1 70 7100 | ZALUTSKY & PINSKI 20 N. CLARK SUITE 600 CHICAGO, IL  60602 | Unsecured | DISALLOWED - DKT. #135 Additional Claim notes from conversion: Amended | $0.00 | $1,250.00 | $0.00 |

Page 1

Printed: July 16, 2018

**UST Form 101-7-TFR (5/1/2011)** *(Page: 8)*

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 1:07-07845-JPC  
Debtor Name: LARRY ALMON  
Claims Bar Date: 12/28/2011  
Date: July 16, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---:|---:|---:|
| 2 70 7100 | OLD SECOND BANK<br>35 S. RIVER ST.<br>AURORA, IL 60506 | Unsecured | | $0.00 | $67,089.46 | $67,089.46 |
| 3 70 7100 | FIA CARD SERVICES N. A.<br>PO Box 15102<br>Wilmington, DE 19886-5102 | Unsecured | | $0.00 | $465.57 | $465.57 |
| 4 70 7100 | ZALUTSKY & PINSKI<br>C/O MICHAEL PEKAY, P.C.<br>77 W. WASHINGTON, SUITE 790<br>CHICAGO, IL 60602 | Unsecured | DISALLOWED - DKT. #135<br><br>CLAIM NO. 7 REPLACES CLAIM NO. (4-1) SERVICES PERFORMED & JUDGMENT 5-11-10 CIRCUIT COURT COOK COUNTY 09 M1-152132 | $0.00 | $1,796.06 | $0.00 |
| 5 70 7100 | CITIFINANCIAL, INC<br>P.O. BOX 140489<br>IRVING, TX 75014-0489 | Unsecured | CLAIM DISALLOWED - 3/13/12 [DOCKET #108] | $0.00 | $6,176.40 | $0.00 |
| 6 70 7100 | CHASE BANK USA NA<br>PO BOX 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $0.00 | $3,370.98 | $3,370.98 |
| 7 70 7100 | ZALUTSKY & PINSKI<br>C/O MICHAEL PEKAY, P.C.<br>77 W. WASHINGTON, SUITE 790<br>CHICAGO, IL 60602 | Unsecured | DISALLOWED - DKT. #135<br><br>(7-1) SERVICES PERFORMED - REPLACES CLAIM #4<br>Additional Claim notes from conversion:<br>Amended | $0.00 | $1,250.00 | $0.00 |
| | Case Totals | | | $0.00 | $191,749.99 | $180,831.73 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 07-07845
Case Name: LARRY ALMON
Trustee Name: Frances Gecker, Trustee

| | | |
|---|---|---|
| Balance on hand | $ | 65,873.66 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Frances Gecker | $ 6,554.43 | $ 0.00 | $ 6,554.43 |
| Attorney for Trustee Fees: FRANKGECKER LLP | $ 33,297.50 | $ 0.00 | $ 33,297.50 |
| Attorney for Trustee Expenses: FRANKGECKER LLP | $ 134.41 | $ 0.00 | $ 134.41 |
| Accountant for Trustee Fees: ALAN D. LASKO & ASSOCIATES P. C. | $ 4,123.70 | $ 0.00 | $ 4,123.70 |
| Accountant for Trustee Expenses: ALAN D. LASKO & ASSOCIATES P. C. | $ 24.30 | $ 0.00 | $ 24.30 |

| | | |
|---|---|---|
| Total to be paid for chapter 7 administrative expenses | $ | 44,134.34 |
| Remaining Balance | $ | 21,739.32 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 8 | ILLINOIS DEPARTMENT OF REVENUE | $ 0.00 | $ 0.00 | $ 0.00 |

| | | |
|---|---|---|
| Total to be paid to priority creditors | $ | 0.00 |
| Remaining Balance | $ | 21,739.32 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 70,926.01 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 30.7 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | ZALUTSKY & PINSKI | $ 0.00 | $ 0.00 | $ 0.00 |
| 2 | OLD SECOND BANK | $ 67,089.46 | $ 0.00 | $ 20,563.39 |
| 3 | FIA CARD SERVICES N. A. | $ 465.57 | $ 0.00 | $ 142.70 |
| 4 | ZALUTSKY & PINSKI | $ 0.00 | $ 0.00 | $ 0.00 |
| 5 | CITIFINANCIAL, INC | $ 0.00 | $ 0.00 | $ 0.00 |
| 6 | CHASE BANK USA NA | $ 3,370.98 | $ 0.00 | $ 1,033.23 |
| 7 | ZALUTSKY & PINSKI | $ 0.00 | $ 0.00 | $ 0.00 |

| | | |
|---|---|---|
| Total to be paid to timely general unsecured creditors | $ | 21,739.32 |
| Remaining Balance | $ | 0.00 |

   Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

   Tardily filed general (unsecured) claims are as follows:

NONE

   Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE