# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LARRY ALMON, | ) | No. 07-07845 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| | ) | **Hearing Date: August 16, 2018** |
| | ) | **Hearing Time: 9:30 a.m.** |
| | ) | **Room No.: 680** |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on **August 16, 2018** at **9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox, or such other judge as may be sitting in her stead, in Courtroom 680 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached First and Final Fee Application of FrankGecker LLP as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of Larry Almon, a copy of which is attached hereto and hereby served upon you.

Dated: July 17, 2018

                                      Respectfully submitted,

                                      FRANCES GECKER, solely as Chapter 7 trustee of
                                      LARRY ALMON

                                      By:   /s/ *Micah R. Krohn*
                                                One of her attorneys

Micah R. Krohn (6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1400
(312) 276-0035 (fax)
mkrohn@fgllp.com

{ALMON/001/00053875.DOCX/}

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LARRY ALMON, | ) | No. 07-07845 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| | ) | **Hearing Date:   August 16, 2018** |
| | ) | **Hearing Time:   9:30 a.m.** |
| | ) | **Room No.:        680** |

## COVER SHEET FOR FIRST AND FINAL APPLICATION OF FRANKGECKER LLP AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF LARRY ALMON FOR <u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>

| | |
|---|---|
| Name of Applicant: | FrankGecker LLP |
| Authorized to Provide Professional Services to: | Frances Gecker, solely as Chapter 7 Trustee of LARRY ALMON |
| Period for Which Compensation is Sought: | July 15, 2007 through June 29, 2018 |
| Amount of Fees Sought: | $33,297.50 |
| Amount of Expense Reimbursement Sought: | $   134.41 |
| This is a: | First and Final Fee Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $0.00.

{ALMON/001/00053875.DOCX/}

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LARRY ALMON, | ) | No. 17-10797 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Jacqueline P. Cox |

**FIRST AND FINAL APPLICATION OF FRANKGECKER LLP AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF LARRY ALMON FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

FrankGecker, LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Larry Almon (the "Debtor"), hereby submits this first and final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330 for legal services performed and expenses incurred as the Trustee's attorneys during the period commencing July 15, 2007 through and including June 29, 2018 (the "Application Period"). In support hereof, FG respectfully represents as follows:

**INTRODUCTION**

1.  On April 30, 2007 (the "Petition Date"), the Debtor filed a voluntary Chapter 7 petition in this Court. The Trustee is the duly designated trustee of the Debtor's bankruptcy estate.

2.  Prior to the Petition Date, on November 16, 2005, the Debtor, a letter carrier with the USPS who lost his job due to a finding of misconduct, filed a formal complaint against the USPS with the Equal Opportunity Employment Commission ("EEOC"), Agency Case Number 4J-600-0159-05 (the "EEOC Claim"). The complaint was based on allegations of racial discrimination, hostile environment and retaliation. The Debtor did not disclose the EEOC Claim in his bankruptcy schedules.

3. The Chapter 7 Case was dismissed on December 2, 2008, due to the Debtor's failure to attend his scheduled Section 341 Meetings.

4. Subsequently, on September 11, 2009, the Debtor and his wife filed a joint Chapter 13 case (the "Chapter 13 Case").

5. On February 9, 2011, the Office of Federal Operations (the "OFO") of the EEOC issued a decision and order directing the USPS to pay the Debtor back-pay, interest, leave, and other benefits (the "Back-Pay Award"), and to conduct a supplemental investigation on compensatory damages.

6. During the pendency of the Chapter 13 Case, the USPS issued a check for the Back-Pay Award to the Debtor in the amount of $94,196.59, but stopped payment on the check when it became aware of the Debtor's Chapter 13 Case.

7. Prior to payment of the Back-Pay Award, the Chapter 13 Case was dismissed on the motion of the Debtor and his wife.

8. On August 3, 2011, this Court entered an order granting the Trustee's motion to reopen this case to allow the Trustee to administer the EEOC Claim for the benefit of creditors.

9. On September 8, 2011, the USPS issued a Final Agency Decision (the "Compensatory Damages Decision"), holding that the Debtor was judicially estopped from asserting a claim for compensatory damages against the USPS.

10. In October 2011, the Debtor appealed the Compensatory Damages Decision to the OFO, which appeal remains pending (the "Appeal").

11. After years of inaction by the OFO, the Trustee determined to abandon the estate's interest in the Appeal, and any claim against the USPS for compensatory damages.

12. On February 12, 2018, the Trustee and the USPS entered into a settlement agreement whereby (1) the USPS paid to the Trustee the sum of $131,859.96 allocated as: (a) net back-pay of $93,613.77; and (b) interest on the back-pay of $38,246.19; and (2) the Trustee agreed to abandon the estate's interest in the Appeal. On May 3, 2018, the Court entered an order approving the settlement and the abandonment of the Appeal.

13. On April 19, 2018, the Trustee filed a motion to abandon the estate's interest in that portion of the USPS settlement proceeds allocated to post-petition back-pay, which motion was granted on May 3, 2018.

14. On May 3, 2018, the Trustee filed objections to certain claims, which objections were sustained on June 5, 2018.

## I. SERVICES PERFORMED

### A. Administration                                                              $2,015.00

Counsel spent 6.00 hours at a cost of $2,015.00 on issues relating to Administration. This category includes all general case administration matters with respect to reopening of the Debtor's Chapter 7 Case, review of Debtor's claimed exemptions, Trustee's objection to Debtor's motion to dismiss and consultation with the Trustee's accountant with respect to issues regarding potential W-2 issues.

### B. Asset Analysis                                                              $7,552.50

Counsel spent 15.90 hours at a cost of $7,552.50 in connection with the review and analysis of the Debtor's Back-Pay Award, including the preparation and filing of Trustee's motion to abandon.

### C. Claims Review/Claims Objections                                             $3,655.00

Counsel spent 9.80 hours at a cost of $3,655.00 in connection with the analysis and review of and objection to certain claims, including communications with various creditors.

    **D.**    **Court Appearances/Preparation**    **$3,025.00**

Counsel spent 7.50 hours at a cost of $3,025.00 preparing for and attending court hearings on the motions to employ counsel, Debtor's motion to dismiss, Trustee's motion to approve settlement and objections to claims. Also included in this category is a prorated attendance at hearing on the Final Report and applications for compensation.

    **E.**    **Litigation**    **$15,747.50**

Counsel spent 40.70 hours at a cost of $15,747.50 in connection with negotiating a settlement of Debtor's EEOC claim with the USPS, including drafting a settlement agreement, review of various previous drafts of settlement agreements, numerous communications with the USPS and EEOC, and review of the EEOC rulings in 2008 and 2011.

    **F.**    **Retention of Professionals/Fee Applications**    **$1,302.50**

Counsel spent 4.50 hours at a cost of $1,302.50 preparing and filing motions to employ FG as the Trustee's counsel and Alan D. Lasko and Associates as the Trustee's accountant. Time in this category also includes time spent preparing this first and final application for compensation and reimbursement of expenses.

**II.**    <u>**ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**</u>

    A.    <u>Micah R. Krohn</u> (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 after serving as a Lieutenant in the United States Navy. Mr. Krohn served as a law clerk to the Hon. Erwin I. Katz from 1992-1994, and has represented trustees, creditors' committees, debtors and creditors for nearly 25 years.

    B.    <u>Karen V. Newbury</u> (KN) Ms. Newbury is an associate at FG. Ms. Newbury graduated from John Marshall Law School, and has extensive experience in representing creditors in bankruptcy cases.

C. <u>Zane L. Zielinski</u> (ZLZ) was an associate at FrankGecker LLP. Mr. Zielinski graduated from Chicago-Kent College of Law in 2002. Mr. Zielinski specializes in bankruptcy law, and has represented trustees, debtors and creditors in bankruptcy cases.

D. <u>Michael H. Matlock</u> (MHM) is a bankruptcy paralegal at FrankGecker LLP. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases.

E. <u>Christina S. Smith</u> (CSS) is a paralegal at FG. Ms. Smith assists counsel with case research and case administration. Ms. Smith has worked as a paralegal specializing in bankruptcy matters for over fifteen years.

### III. CALCULATION OF TIME AND FEES

This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in this case. It covers the period from July 15, 2007 to and including June 29, 2018. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the Trustee and the Debtor's bankruptcy estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in **Exhibit A** hereto, the attorneys and paralegals at FG have spent a total of 84.40 hours providing necessary legal services for the Trustee. FG requests compensation in the amount of $33,297.50 for actual, necessary legal services performed, as itemized in Exhibit A. The average hourly rate is $339.29. Additionally, counsel has expended the sum of $134.41 for actual, necessary expenses incurred in representing the Trustee, as set forth in **Exhibit A**.

9. In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The

data used came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. FG worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

10. FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. FG does not include charges for long distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

11. No compensation has been promised to counsel other than as disclosed or approved by this Court. FG certifies that there is no agreement between it and any other party regarding the sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

A.    Allowing FrankGecker LLP final compensation for legal services provided to the Trustee in the amount of $33,297.50;

B.    Allowing FrankGecker LLP final reimbursement of expenses incurred in the amount of $134.41;

C.    Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount of $33,431.91; and

D.    Granting such other relief as the Court deems just and equitable.

Dated: July 17, 2018

Respectfully submitted,

FRANKGECKER, LLP

By: /s/ *Micah R. Krohn*

Micah R. Krohn (6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone:   (312) 276-1400
Facsimile:   (312) 276-0035
mkrohn@fgllp.com